United States District Court
Southern District of Texas

**ENTERED**

March 09, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| PINGYUAN WANG, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-00328 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. Petitioner is represented by counsel. After considering the petition, its attachments, and applicable law, the Court concludes that the petition should be **DISMISSED without prejudice**.

The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* at 4.

According to the petition, Petitioner is a citizen of China. (Dkt. No. 1 at 2).[1] He has been detained at the Rio Grande Processing Center since January 3, 2025. (*Id.*). The petition represents that an Immigration Judge issued a "final order of removal" against Petitioner on February 2, 2026. (*Id.*). He then asserts that his continued detention and Respondents' failure to effectuate his removal violates due process and 8 U.S.C. § 1231(a), and he requests that the Court order his release.

This statute, 8 U.S.C. § 1231, governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

In *Zadvydas v. Davis*, the Supreme Court held that detention after a final order of removal is unconstitutional when there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 678, 701 (2001). However, there is a six-month presumption of reasonable detention after an order of removal becomes final. *Id.*

Here, Petitioner fails to address or overcome the six-month presumption of reasonableness. He was ordered removed on February 2, 2026. Barring an appeal, Petitioner's order of removal became final either the day he was ordered removed if he waived appeal, or once the appeal period expired if he reserved appeal. Either way, Petitioner has been detained at most five weeks since he was ordered removed, which is several months short of the presumptively reasonable six months. For this reason, Petitioner does not demonstrate that his detention is unlawful. *See, e.g.*, *Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (finding that a challenge to prolonged detention was premature when petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period").

Because Petitioner has not been in custody past the presumptively reasonable period set forth in *Zadvydas* and does not present facts to overcome the presumption, his petition is dismissed without prejudice as premature.

For the reasons stated above, the petition, (Dkt. No. 1), is **DISMISSED without prejudice**.

It is so **ORDERED**.

**SIGNED** on March 9, 2026.

_____
John A. Kazen
United States District Judge